**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HENRY D. FAJARDO; JP UNLIMITED, LLC; TWINS BUILDERS SERVICES CORP.; JESUS LIM; PHILLIP DIEP,<br><br>            Plaintiffs,<br><br>    v.<br><br>ERMITTA C. ROSS; METRO FUNDING CORP.; MFC FUNDING LLC, MFC REAL ESTATE, LLC; SJL COMMERCIAL LENDING; FIDELITY NATIONAL TITLE COMPANY; and DOES 1-100, inclusive,<br><br>            Defendants. | 1:12-cv-00217-AWI-DLB<br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER<br><br>(Docs. 34 and 35) |

**I. INTRODUCTION**

Plaintiff Henry D. Fajardo has filed (1) a motion for temporary restraining order enjoining the unlawful detainer proceedings in Fresno County Superior Court case no. 12CECL00953 and (2) an ex parte motion for order shortening time to hear the request for a temporary restraining order. For reasons discussed below, the first motion shall be denied, mooting the second motion.

## II. FACTS AND PROCEDURAL BACKGROUND

On February 5, 2012, MFC Twin Builders LLC ("MFC") filed a complaint in Fresno County Superior Court case no. 12CECL00953 against Henry Doloso Fajardo ("Fajardo"), J K Dental Clinic ("Clinic") and Does 1 through 10, inclusive, asserting one cause of action for unlawful detainer of real property located at 2100 E. Clinton Avenue, Fresno, California 93703.

On February 14, 2012, Fajardo, along with JP Unlimited LLC, Twins Builders Services Corp., Jesus Lim and Phillip Diep, filed a complaint in this action (Eastern District case no. 1:12-cv-00217-AWI-DLB, the "217 case") against Ermitta C. Ross, Metro Funding Corp., MFC Funding, LLC, MFC Real Estate, LLC, SJL Commercial Lending, Fidelity National Title Company and Does 1-100, inclusive, seeking to litigate title to the Clinton Avenue property. On the same day, Fajardo and Clinic also removed MFC's state court unlawful detainer action to this Court as Eastern District case number 1:12-cv-00219-AWI-SKO (the "219 case") pursuant to 28 U.S.C. § 1441(b).

On March 14, 2012, MFC filed a motion to remand the 219 case to state court pursuant to 28 U.S.C. § 1447(c), contending removal was improper because the Court lacked jurisdiction to hear the action in the absence of a federal question or complete diversity of citizenship between the parties. On March 14, 2012, MFC also filed a request for entry of default against Fajardo and Clinic on ground they failed to serve an answer or otherwise respond to MFC's unlawful detainer complaint within the time prescribed by Federal Rule of Civil Procedure 81(c). In conjunction with the motion to remand and request for entry of default, MFC filed two separate requests for judicial notice pursuant to Federal Rule of Evidence 201. On April 18, 2012, Fajardo filed his opposition to MFC's motion to remand. MFC filed its reply to Fajardo's opposition on April 25, 2012.

On May 9, 2012, the Magistrate Judge issued findings and recommendations (F&Rs) in the 219 case, recommending MFC's requests for judicial notice be granted, Fajardo's and Clinic's defaults entered and MFC's unlawful detainer action remanded to state court. On May 14, 2012, Fajardo filed objections to the Magistrate Judge's F&Rs. On May 17, 2012, Fajardo and Clinic filed

an ex parte "motion to reconsider" the F&Rs and requested a temporary restraining order staying MFC's unlawful detainer action. On May 17, 2012, MFC filed its reply to Fajardo's objections.

On May 25, 2012, the Court issued an order in the 219 case adopting the F&Rs in part, granting MFC's motion to remand the unlawful detainer action to state court and denying Fajardo's and Clinic's request for a temporary restraining order staying the unlawful detainer proceedings. (The Court declined to enter Fajardo's and Clinic's defaults.)

On July 2, 2012, Fajardo filed a motion for a temporary restraining order in the 217 case, seeking – as he and Clinic had previously done in the 219 case – to enjoin the proceedings in MFC's unlawful detainer action (now remanded to state court). On the same day, Fajardo also filed an ex parte motion for order shortening time to hear his request for a temporary restraining order.

### III. LEGAL STANDARD

"The standards governing the issuance of temporary restraining orders are 'substantially identical' to those governing the issuance of preliminary injunctions." *O'Keefe v. Cate,* slip copy, 2012 WL 1555055 (E.D.Cal. 2012), at *1 (citing *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2011)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.' 'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.' " *Id*. at 24 (internal citations omitted). The Ninth Circuit has adopted a sliding scale approach to preliminary injunctions in which an injunction may issue

"where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.' " *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Clear Channel Outdoor, Inc. v. City of Los Angeles,* 340 F.3d 810, 813 (9th Cir. 2000)).

## IV. DISCUSSION

Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds its lacks authority to issue the temporary restraining order requested by Fajardo. Fajardo asks the Court to stay the state court unlawful detainer proceedings. Problematically for Fajardo, under the federal Anti-Injunction Act (AIA), "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The AIA "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 286, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). Fajardo has provided no authority – and the Court's research reveals no authority – to suggest an exception applies here.

In the Court's view, the exceptions are plainly *inapplicable*. First, Fajardo has not pointed to any judgments of the Court requiring protection from the state court proceedings. Second, "an injunction against the unlawful detainer action is not necessary to aid this court's jurisdiction." *Scherbenske v. Wachovia Mortgage, FSB,* 626 F.Supp.2d 1052, 1059 (E.D.Cal. 2009) (citing *Vendo Co. v. Lektro-Vend Corp.,* 433 U.S. 623, 641, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977)). "Courts have applied this second exception in only two scenarios: where the case is removed from the state court, and where the federal court acquires in rem or quasi in rem jurisdiction over a case involving real property before the state court does." *Martingale LLC v. City of Louisville,* 361 F.3d 297, 302 (6th

4

Cir. 2004). Neither scenario is present here. A party to an action litigating possession of real property in state court does not implicate this exception simply by filing, as here, an action to litigate title to said property in federal court. *See Carrasco v. HSBC Bank USA, N.A.,* slip copy, 2012 WL 646251 (N.D.Cal. 2012), at *3-*4. Lastly, the Court notes "[t]here is no federal statute authorizing a district court to enjoin a state unlawful detainer action." *Scherbenske, supra,* at p. 1059.

## V. DISPOSITION

Based on the foregoing, Fajardo's motion for a temporary restraining order is DENIED. Accordingly, Fajardo's ex parte motion for an order shortening time to hear the request for a temporary restraining order is MOOT, and the hearing date of July 6, 2012 is hereby VACATED.

IT IS SO ORDERED.

Dated:   July 3, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE