1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HENRY D. FAJARDO, et al., | ) | 1:12cv0217 AWI DLB |
| | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION FOR SANCTIONS |
| v. | ) | |
| | ) | (Document 23) |
| ERMITA C. ROSS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Metro Funding Corp., Metro Funding, LLC and MFC Real Estate, LLC ("Defendants") filed this motion for sanctions on June 1, 2012.  The matter was heard on June 29, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Lofty Mrich appeared on behalf of Plaintiffs Henry D. Fajardo, JP Unlimited, LLC, Twins Builders Services Corp., Jesus Lim and Phillip Diep ("Plaintiffs").  Dan Chambers appeared on behalf of Defendants.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed this action on February 14, 2012.  Plaintiffs Fajardo, Lim and Diep are directors of JP Unlimited and Twin Builders and they bring this action against New Jersey corporations Metro Funding Corp., MFC Funding, LLC and MFC Real Estate, LLC.  Plaintiffs also name public notary Ermitta C. Ross, SJL Commercial Lending and Fidelity National Title as Defendants.  Plaintiffs allege fraud and negligence in connection with a $1.3 million loan

agreement.

After this action was filed, MFC Twin Builders, LLC, filed an action in the District of New Jersey against Plaintiffs to enforce the guaranties executed in connection with the loan. The Clerk entered default in that action on May 16, 2012, and a motion to set aside default was filed on May 17, 2012. The motion is pending.

On April 5, 2012, Plaintiffs filed a motion to consolidate this action with the New Jersey action. During the hearing, the Court explained that Rule 42 did not allow for transfer of an action not pending before it. The Court denied the motion without prejudice on May 11, 2011, especially in light of Plaintiffs' default in the New Jersey action.

On May 17, 2012, Plaintiffs filed an ex parte application to consolidate this action with another action pending before this Court, 1:12cv219 AWI SKO. That action was an unlawful detainer action that Plaintiffs removed to this Court, though it was remanded on May 29, 2012. The Court vacated the hearing because it was not properly noticed. On June 5, 2012, after 1:12cv219 AWI SKO had been remanded, Plaintiff filed a second motion to consolidate the actions. The Court denied the motion on June 14, 2012.

Defendants filed this motion for Rule 11 sanctions on June 1, 2012, based on Plaintiffs' motion to consolidate this action with the New Jersey action. Plaintiffs filed a late opposition on June 26, 2012, and Defendants replied on June 28, 2012.

## LEGAL STANDARD

Rule 11 sanctions are appropriate when a pleading is frivolous or brought for an improper purpose. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990). A pleading is frivolous if it is baseless and made without a reasonable and competent inquiry. Id.

Rule 11 "creates an objective standard of 'reasonableness under the circumstances.'" Golden Eagle Dist. Corp. v. Burroughs Corp., 801 F.2d 1531, 1536 (9th Cir. 1986). The Ninth Circuit has articulated the objective reasonableness standard:

> As we have observed, the subjective intent of the pleader or movant to file a meritorious document is of no moment. The standard is reasonableness. The "reasonable man" against which conduct is tested is a competent attorney admitted to practice before the district court.

1  Zaldivar v. City of Los Angeles, 780 F.2d 823, 830 (9th Cir.1986) (abrogated on other grounds).

2  "If, judged by an objective standard, a reasonable basis for the position exists in both law and in

3  fact at the time that the position is adopted, then sanctions should not be imposed."  Golden

4  Eagle, 801 F.2d at 1538; Zaldivar, 780 F.2d at 832.

5  **DISCUSSION**

6  Defendants contend that Plaintiffs' motion is objectively baseless and made without

7  reasonably inquiry because the language of Federal Rule of Civil Procedure 42(a) clearly does

8  not support Plaintiffs' request to consolidate this action with a case in another district.  Had

9  Plaintiffs undertaken a reasonable inquiry, Defendants argue that they would have found

10  authority explaining that the cases must be pending before the same court.  In fact, Plaintiffs were

11  aware of such authority by virtue of Defendants' May 1, 2012, letter.  The letter to Lofty Mrich,

12  Plaintiffs' counsel, set forth the reasons why the motion to consolidate was legally meritless and

13  unreasonable.  The letter also requested that Mr. Mrich withdraw the motion.  Declaration of

14  Meghan C. Sherrill ("Sherrill Dec."), ¶ 7 and Exh. 1.  Mr. Mrich did not respond to the letter and

15  did not withdraw the motion.  Sherrill Dec., ¶ 8.

16  Defendants served Plaintiffs with a copy of this motion on May 4, 2012, and afforded

17  counsel 21 days to correct the violation.  Mr. Mrich failed to do so.

18  In his untimely opposition and during the hearing, Mr. Mrich asserted that he filed the

19  motion in good faith and that any mistake in interpreting Rule 42 was "honest."  Subjective

20  belief, however, is not the standard under Rule 11.  Rather, Mr. Mrich must have had a

21  reasonable basis under existing law, or a reasonable argument to extend existing law, for his

22  consolidation argument.  Fed. R. Civ. Proc. 11(b)(2).  In light of the language of Rule 42 and

23  Defendants' detailed May 1, 2012, letter, Mr. Mrich has no reasonable basis for his position.

24  Accordingly, the Court finds that Mr. Mrich's motion to consolidate was baseless under

25  the circumstances and subject to Rule 11 sanctions.

26

27

28

3

**ORDER**

Defendants' motion is therefore GRANTED.  Defendants SHALL submit a declaration setting forth the fees incurred in connection with this motion *after* the Rule 11(c)(2) notice period.

IT IS SO ORDERED.

**Dated:**   **July 15, 2012**          _____/s/ **Dennis L. Beck**_____
                                     UNITED STATES MAGISTRATE JUDGE

4