IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *HENRY D. FAJARDO, JP UNLIMITED, LLC, a California corporation; TWINS BUILDERS SERVICES CORP., a California corporation; JESUS LIM; and PHILLIP DIEP*, <br><br>**Plaintiffs**, <br><br>v. <br><br>*ERMITTA C. ROSS;* **METRO FUNDING CORP.**, a business entity, form unknown; **MFC FUNDING, LLC**, a business entity, form unknown; **MFC REAL ESTATE, LLC**, a business entity, form unknown; **SJL COMMERCIAL LENDING**, a business entity, form unknown; **FIDELITY NATIONAL TITLE COMPANY**, a business entity, form unknown; and DOES 1-100 inclusive, <br><br>**Defendants**. <br>_____/ | 1: 12 - CV - 00217  AWI  DLB <br><br> [Document # *16*] |

## BACKGROUND

This litigation arises from a $1.3 million loan to fund a building project made to Plaintiffs JP Unlimited, LLC; Twins Builder Services Corp.; and the corporations' directors Henry Fajardo, Jesus Lim, and Phillip Diep (collectively, "Plaintiffs") by Metro Funding ("Metro").

The loan was secured by several properties, which were subsequently foreclosed upon by MFC Funding and MFC Real Estate.  Plaintiffs brought suit on February 14, 2012, against a number of defendants, including Fidelity National Title Company ("Fidelity").  Fidelity filed the instant amended motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) or to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e) on May 2, 2012; the motion was taken under submission on June 12, 2012.

## ALLEGED FACTS

Plaintiffs' complaint is based upon allegations that attack the ability of defendants Metro, MFC Funding and MFC Real Estate to do business in California; the validity of the loan obtained from Metro; and the foreclosure by MFC Funding and MFC Real Estate of one of the properties used to secure the loan.  The alleged causes of action are fraud, negligence per se, breach of contract, breach of implied covenant of good faith and fair dealing; intentional misrepresentation, negligent misrepresentation, violations of Cal. Bus. & Prof. Code § 17200 et seq., wrongful foreclosure, declaratory and injunctive relief, and quiet title.  Each cause of action is made against all defendants, but none of Plaintiffs' allegations specifically mention Fidelity.

## DISCUSSION

**A.  Motion to Dismiss**

Fed. R. Civ. P. 8(a)(2) requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

A claim may be dismissed under Fed. R. Civ. P. 12(b)(6) if the claim states no cognizable legal theory or alleges insufficient facts to support a valid allegation. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

For purposes of the 12(b)(6) motion, all well-pleaded allegations are accepted as true and are construed in the light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008). Allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences do not meet the plausibility standard and need not be accepted as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Plaintiffs allege that "each of the Defendants was, and now is, the agent, servant, representative, and employee of each of the other Defendants herein, and was acting within the course and scope of such agency, service, representation, and employment, with the knowledge, consent and ratification of each of the other Defendants." But Plaintiffs fail to explain how Fidelity is related to the other defendants or to any of the causes of action. This conclusory statement fails to allege any fact and also fails to provide notice to Fidelity of the grounds on which the claims against it rest. Fidelity's motion to dismiss all claims against it will therefore be granted without prejudice.

**B. Motion for a More Definite Statement**

Because defendant's Rule 12(b)(6) motion to dismiss plaintiff's second amended complaint is granted, defendant's motion for a more definite statement is denied as moot.

**CONCLUSION AND ORDER**

For the foregoing reasons, it is hereby ordered that:

1. Fidelity's motion to dismiss Plaintiffs' complaint is GRANTED without prejudice as to all the claims against it.

2. Fidelity's motion for a more definite statement is DENIED as moot.

3. Plaintiffs are given leave to amend the complaint within 30 days of entry of this Order.

IT IS SO ORDERED.

Dated:   July 16, 2012                                          _____
                                                                CHIEF UNITED STATES DISTRICT JUDGE

3