# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HENRY D. FAJARDO, | ) | 1:12-CV- 217 AWI DLB |
| Plaintiff, | ) | |
| vs. | ) | ORDER IMPOSING SANCTIONS |
| JP UNLIMITED, LLC, et al., | ) | |
| Defendants. | ) | |

On July 16, 2012, the Court issued an order granting Defendants' Motion for Sanctions and ordered Defendants to submit a declaration setting forth the attorneys' fees incurred in connection with the motion after the Rule 11(c)(2) notice period.

Defendants' counsel, Dan E. Chambers, submitted a declaration on July 26, 2012. Mr. Chambers requests a total of $13,307.50 in attorneys' fees for time spent in connection with (1) the Motion for Sanctions *prior* to the 21-day notice period; (2) the Motion for Sanctions *after* the 21-day notice period; and (3) the Motion to Consolidate.

# DISCUSSION

A. <u>Legal Standard</u>

Federal Rule of Civil Procedure 11(c)(2) provides:

> **(2) *Motion for Sanctions.*** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Rule 11(c)(4) further explains that an award "must be limited to what suffices to deter repetition of the conduct" and may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."

B. <u>Analysis</u>

1. *Time Spent on Motion for Sanctions Prior to Expiration of Safe-Harbor Period*

The Court's order awarding sanctions directed counsel to submit a declaration for "the fees incurred in connection with this motion *after* the Rule 11(c)(2) notice period." Defendant served the Motion for Sanctions on May 4, 2012, making May 25, 2012, the expiration of the 21- day period.

Counsel nevertheless requests $3,719.00 in fees in connection with the Motion for Sanctions for time spent on or before May 25, 2012. Defendants argue that since the safe-harbor period is a mandatory procedural requirement, the fees related to work performed during this time should be included in an award.

Defendants correctly argue that the 21-day notice requirement is a prerequisite to sanctions under Rule 11. The underlying purpose of the safe-harbor provision, however, suggests that a sanctions award should not include fees for work performed during this period. The safe-harbor provision is intended to "give the offending party the opportunity, within 21

days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions.*"  Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998) (emphasis in original). To retroactively impose sanctions for that period is therefore contrary to the intent of the requirement.  See eg., Wendy's Intern., Inc. v. Nu-Cape Const., Inc., 164 F.R.D. 694, 701 (M.D.Fla. 1996) (Because of safe-harbor provision, party can recover only those expenses related to responding to the improper motion and in filing motion for sanctions).  Defendants have not provided, and the Court has not found, any authority suggesting otherwise.

Accordingly, the Court will not allow the $3,719.00 in fees for time spent on or before May 25, 2012.

2. *Time Spent on Motion for Sanctions After Safe-Harbor Period and Time Spent on Motion to Consolidate*

Defendants request (1) $5,450.51 in attorneys' fees for work performed on the Motion for Sanctions after the safe-harbor period; and (2) $4,137.00 in fees for work related to the Motion for Consolidation, for a total of $9,588.50.  The Court may award fees for this work pursuant to Rule 11(c)(2) and (c)(4), though the requested fees are not reasonable.

The Court has reviewed the Supplemental Declaration of Dan E. Chambers and the attached time sheets.  Mr. Chambers requests time for three attorneys who performed a total of approximately 27.6 hours of work.  Although Plaintiff's motion was unusual, it did not present a difficult legal question.  In light of the requirement that sanctions must be limited to "what suffices to deter repetition of the conduct," the Court finds that $5,000.00 is a sufficient deterrent and represents reasonable fees for the work performed.[1]

---

[1] Prior to the Court's award of sanctions, Plaintiff filed a second Motion to Consolidate and a second Motion for Sanctions is now pending.

**ORDER**

The Court awards Defendants sanctions under Rule 11 in the amount of $5,000.00. Plaintiffs' counsel SHALL remit payment to Defendants' counsel within thirty (30) days of the date of service of this order.  <u>Failure to do so will result in the imposition of additional sanctions.</u>

IT IS SO ORDERED.

Dated:   **August 9, 2012**                              /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE