# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY D. FAJARDO,<br><br>        Plaintiff,<br><br>   vs.<br><br>JP UNLIMITED, LLC, et al.,<br><br>        Defendants. | ) 1:12cv0217 AWI DLB<br>)<br>)<br>) ORDER GRANTING DEFENDANTS'<br>) MOTION FOR SANCTIONS<br>)<br>) (Document 41)<br>)<br>) |

    Defendants Metro Funding Corp., Metro Funding, LLC and MFC Real Estate, LLC ("Defendants") filed this motion for sanctions on July 20, 2012. The matter was heard on August 24, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Lofty Mrich appeared on behalf of Plaintiffs Henry D. Fajardo, JP Unlimited, LLC, Twins Builders Services Corp., Jesus Lim and Phillip Diep ("Plaintiffs"). Meghan Sherrill appeared on behalf of Defendants.

///
///
///
///
///

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed this action on February 14, 2012, against New Jersey corporations Metro Funding Corp., MFC Funding, LLC and MFC Real Estate, LLC.[1] Plaintiffs allege fraud and negligence in connection with a $1.3 million loan agreement.

On March 22, 2012, MFC Twin Builders LLC filed an action against Plaintiffs to enforce the guaranties executed in connection with the loan in the United States District Court for the District of New Jersey.

On April 5, 2012, Plaintiffs filed a motion to consolidate this action with the New Jersey action. During the May 11, 2011, hearing, the Court explained that it could not consolidate this action with an action pending before another court. The Court denied the motion without prejudice on May 11, 2011, especially in light of the Clerk's entry of default in that action.[2]

On May 17, 2012, Plaintiffs filed an ex parte application to consolidate this action with <u>MFC Twin Builders LLC v. Fajardo, et al</u>., 1:12cv219 AWI SKO. That action was an unlawful detainer action that Plaintiffs removed to this Court, though it was ultimately remanded on May 29, 2012. The request to consolidate also included a motion for a temporary restraining order to stay the unlawful detainer action and prevent eviction of Henry Fajardo. The Court vacated the hearing on the ex parte request to consolidate because it was not properly noticed.

On June 5, 2012, after 1:12cv219 was remanded, Plaintiff filed a second motion to consolidate and for issuance of a TRO. The Court denied the motion on June 14, 2012, because the unlawful detainer action was no longer before this Court.

---

[1] Plaintiffs also named Defendants Ermitta C. Ross and SJL Commercial Lending, who have not appeared, and Fidelity National Title Company. On August 9, 2012, the Court granted Fidelity's motion to dismiss and Plaintiffs have not filed an amended complaint within the allowed time frame.

[2] On August 10, 2012, the New Jersey Court granted the motion to set aside default and denied the request to transfer the action to this Court.

Defendants filed their first motion for Rule 11 sanctions on June 1, 2012, based on Plaintiffs' attempt to consolidate this action with the New Jersey action. The Court granted the motion on July 16, 2012, and awarded sanctions in the amount of $5,000 on August 9, 2012.

Plaintiffs filed another motion for a TRO on July 2, 2012. The Court denied the motion on July 3, 2012, based on the Anti-Injunction Act.

On July 20, 2012, Defendants filed this motion for sanctions based on Plaintiffs' attempt to consolidate this action with the unlawful detainer action after it was remanded.

Plaintiffs did not oppose the motion.

## LEGAL STANDARD

Rule 11 sanctions are appropriate when a pleading is frivolous or brought for an improper purpose. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990). A pleading is frivolous if it is baseless and made without a reasonable and competent inquiry. Id.

Rule 11 "creates an objective standard of 'reasonableness under the circumstances.'" Golden Eagle Dist. Corp. v. Burroughs Corp., 801 F.2d 1531, 1536 (9th Cir. 1986). The Ninth Circuit has articulated the objective reasonableness standard:

> As we have observed, the subjective intent of the pleader or movant to file a meritorious document is of no moment. The standard is reasonableness. The "reasonable man" against which conduct is tested is a competent attorney admitted to practice before the district court.

Zaldivar v. City of Los Angeles, 780 F.2d 823, 830 (9th Cir.1986) (abrogated on other grounds). "If, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time that the position is adopted, then sanctions should not be imposed." Golden Eagle, 801 F.2d at 1538; Zaldivar, 780 F.2d at 832.

## DISCUSSION

Defendants contend that Plaintiffs' motion is objectively baseless and made without

reasonably inquiry because the Court did not have jurisdiction to consolidate the unlawful detainer action, which had been remanded one week prior to the motion.  Defendants also contend that the TRO request is baseless because the Anti-Injunction Act prohibits the issuance of a TRO to stay a state court proceeding.  Had Plaintiffs undertaken a reasonable inquiry, Defendants argue that they would have found authority explaining that the Court cannot consolidate a case not pending before it.  In fact, Plaintiffs were aware of such authority by virtue of Defendants' June 7, 2012, letter.  The letter to Lofty Mrich, Plaintiffs' counsel, explained why the Court could not consolidate the unlawful detainer action and why a TRO could not be granted.  Declaration of Matthew C. So ("So Dec."), ¶ 8 and Exh. 1.  Mr. Mrich did not respond to the letter and did not withdraw the motion.  So Dec., ¶ 9.

Defendants served Plaintiffs with a copy of this motion on June 21, 2012, and afforded counsel over 21 days to correct the violation.  Mr. Mrich failed to do so.  So Dec., ¶ 11 and Exh. 2.

During the hearing, Mr. Mrich focused on the merits of the underlying action and argued that he was doing everything possible to represent his clients.[3]  Mr. Mrich's arguments, however, ignore the sole inquiry required to resolve this motion- was it a violation of Rule 11 to file a renewed motion to consolidate one week *after* the unlawful detainer action was remanded to state court?  Insofar as Mr. Mrich cites his need to represent his client, his representation does not nullify his ethical obligations under Rule 11.

Accordingly, in light of Defendants' detailed June 7, 2012, letter, and the fact that this Court had previously explained to Mr. Mrich that it cannot consolidate an action not before it in connection with his attempt to consolidate the New Jersey action, the Court finds that Mr. Mrich

---

[3]  Pursuant to Local Rule 230(c), Plaintiffs were not entitled to be heard at the hearing because they did not file an opposition.  However, given the nature of the proceedings, the Court permitted Mr. Mrich to present his opposition.

has no reasonable basis for his position.  Plaintiffs' motion to consolidate was baseless under the circumstances and subject to Rule 11 sanctions.

### **ORDER**

Defendants' motion is therefore GRANTED.  Within twenty (20) days of the date of service of this order, Defendants SHALL submit a declaration setting forth the fees incurred in connection with this motion *after* the Rule 11(c)(2) notice period.

IT IS SO ORDERED.

Dated:   **August 27, 2012**                    /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE